UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, et al.,<br><br>Plaintiffs,<br>v.<br><br>PACIFIC SHIP REPAIR & FABRICATION, INC., et al.,<br><br>Defendants. | CASE NO. C23-0497JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Washington Painters Defined Contribution Pension Trust, and Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund's (collectively, the "Trusts") motion for default judgment against Defendants Pacific Ship Repair & Fabrication, Inc. ("PSRF") and David J. Moore, President and

Chief Executive Officer of PSRF (collectively, "Defendants"). (Mot. (Dkt. # 10).) Defendants have not appeared in this action and did not respond to the motion. (*See generally* Dkt.) The court has reviewed the motion, the Trusts' filings in support of the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion without prejudice.

## II.   BACKGROUND

The Trusts commenced this action on March 31, 2023, pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145. (*See generally* Compl. (Dkt. # 1)); Mot. at 3, 8.) In their complaint, the Trusts alleged that PSRF failed to pay outstanding fringe benefit contributions as required by the collective bargaining agreement ("CBA") for the delinquent period of October 2022 through December 2022. (Compl. ¶ 26; Mot. at 3.) As remedies, the Trusts sought, in relevant part, unpaid fringe benefit contributions, liquidated damages and interest, an order requiring Defendants to post $50,000.000 bond, and reasonable attorney's fees and costs. (Compl. at 11.) During the pendency of this litigation, however, PSRF paid the Trusts the full amount of contributions owed plus liquidated damages and interest owed for the delinquent period. (Mot. at 4; Urban Decl. (Dkt. # 11) ¶¶ 5-6.) PSRF also remitted payment for attorney's fees and costs incurred by the Trusts in connection with this matter through June 2, 2023. (Urban Decl. ¶¶ 5-6.)

On September 22, 2023, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered an order of default against Defendants. (Default Ord. (Dkt. # 8)); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Following the Clerk's entry of default, on December 19, 2023, the Trusts moved for an order of default judgment pursuant to Federal Rule of Civil Procedure 55(b). (*See generally* Mot.); *see* Fed. R. Civ. P. 55(b)(2) (providing that, where the claim is for a sum uncertain, "the party must apply to the court for a default judgment").

The Trusts do not seek in their motion to collect outstanding contributions or related expenses and costs stemming from the delinquent period identified in the complaint. (*See* Mot. at 18-19; *see also* Compl. ¶ 26 (identifying delinquent contributions for October, November, and December 2022).) Instead, they seek: (1) to compel Defendants to submit a fringe benefit bond of $50,000.00; (2) liquidated damages stemming from PSRF's failure to timely submit a contribution report for September 2023; (3) interest owed for the late contribution report for September 2023; and (4) an interim judgment of $4,307.50 in attorney's fees and $60.51 in costs incurred from June 3, 2023 through December 19, 2023. (*Id.* at 10, 18; *see also* Urban Decl. ¶ 16(d), Ex. 5 (accounting of attorney's fees and costs).)

### III. ANALYSIS

In reviewing the Trust's motion and supporting materials, the court identified several issues that preclude it from granting the motion. To start, the Trusts assert "[i]t is beyond dispute" that Mr. Moore, in his personal capacity, is jointly and severally liable for their claims under the terms of the CBA. (Mot. at 10, 18.) The Trusts argue "[t]he CBA signed by [Mr. Moore] states, in part, 'By entering into this Agreement, the

Employer adopts and agrees to be bound by the terms of the Trust Agreements establishing the trust funds referred to in this Article.'" (*Id.* at 10-11 (purportedly quoting Wolfe Decl. (Dkt. # 12) ¶ 13, Ex. 1 (CBA)).)  The Trusts, however, fail to provide a pincite to the quoted CBA provision, and the court is unable to independently locate the provision in the documents provided.  Nor can the court locate any other CBA provision that would indicate Mr. Moore is jointly and severally liable for the conduct complained of.  (*See generally* CBA.)

In addition, the Trusts seek relief in their motion that they did not seek in the complaint.  Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  *Cf. Finkel v. Triple A. Grp., Inc.*, 708 F. Supp. 2d 277, 283 (E.D.N.Y. 2010) (adopting report and recommendation granting default judgment in ERISA action for unpaid contributions, including contributions other than those specifically identified in the complaint, where complaint "include[d] a request for unpaid contributions that might become due and owing during the litigation").  Here, the Trusts filed their complaint on March 31, 2023 (*see generally* Compl.), yet they now seek relief in connection with events that occurred after that date.  In particular, they request liquidated damages and interest stemming from PSRF's failure to timely submit a contribution report for the month of September 2023.  (Mot. at 6, 18; Urban Decl. ¶ 8.) Because the complaint says nothing about future damages that accrue during the pendency of the litigation (*see generally* Compl.), Defendants lacked notice of the Trusts' intent to seek damages stemming from post-complaint conduct.  *See Finkel*, 708 F. Supp.

1  2d at 283.  Rule 54(c) therefore precludes the court from granting the Trusts' requested

2  relief.

3       Finally, even if the Trusts could permissibly seek interest and liquidated damages

4  owed from the late submitted September 2023 report, the court lacks confidence in the

5  accuracy of the Trusts' calculations.  The Trusts assert that Defendants owe $515.60 in

6  liquidated damages and $53.95 in interest for the late submitted report, and that "[t]he

7  administrator sent notice to PSRF regarding the amounts due." (Urban Decl. ¶ 8; *see also*

8  *id.*, Ex. 2 ("Notice").)  That notice calculates the amounts due as follows:

| Fund | Contributions | LD Rate | LD Due | Inter. Rate (annum) | Interest Due | Total LD & Interest |
|---|---|---|---|---|---|---|
| EE Painters' Trust H&W | $3,077.10 | 1.0% | $100.00 | 12.0% | $26.30 | $126.30 |
| WW Painters DC Pension | $3,156.00 | 10.0% | $315.60 | 12.0% | $26.98 | $342.58 |
| APPR & Training | $78.90 | 1.5% | $100.00 | 12.0% | $0.67 | $100.67 |
| Total Amounts | $6,312.00 | | $515.60 | | | $569.55 |

15  (Notice.)  The court has attempted to independently confirm the calculations in this table

16  based on the evidence submitted with the Trusts' motion, but the court has encountered

17  several problems.

18       First, the September 2023 contributions report shows only the total contribution

19  amount of $6,312.00 and fails to provide a breakdown of the contributions for each

20  individual fund.  (*See* Wolfe Decl. ¶ 21, Ex. 2 (contributions reports).)  The court cannot

21  confirm the amount of liquidated damages and interest owed in connection with each

22

ORDER - 5

individual fund absent evidence showing the contribution amounts for each fund in September 2023.

Second, with respect to the "APPR & Training" fund, the court is unable to confirm the 12% per annum interest rate. (*Compare* Wolfe Decl. (Dkt. # 12) ¶ 16, Ex. 1-C (District Council No. 5 Apprenticeship and Training Trust Agreement), art. VIII(4) (specifying liquidated damages rate but not interest rate), *with id.* ¶ 14, Ex. 1-A (Employee Painters' Trust Agreement), art. VIII(4) (providing for interest rate of 12%), *and id.* ¶ 15, Ex. 1-B (Western Washington Painters Defined Contribution Pension Plan Trust Agreement), art. VIII(4) (providing for interest rate of 12%).)

Third, the court is unable to confirm the amount of interest due with respect to each fund. Applying a 12% per annum interest rate to the individual contribution amounts does not yield the interest amounts shown, at least by the court's calculation.

In sum, the court concludes that default judgment is not warranted based on the record before it. The Trusts impermissibly seek relief beyond the scope of the complaint in violation of Rule 54(c). *See* Fed. R. Civ. P. 54(c). Further, the Trusts have failed to sufficiently explain, with supporting evidence, their calculations of the amounts owed under the trust agreements, and they have also failed to point to evidence establishing Mr. Moore's joint and several liability.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES the Trusts' motion (Dkt. # 10) without prejudice to filing a renewed motion for default judgment that addresses the problems identified in this order. The Trusts are advised that any future motion for

default judgment must explain in detail the Trusts' calculations of the damages claimed with supporting evidence, including citations to the relevant provisions of the trust agreements.

Dated this 18th day of January, 2024.

JAMES L. ROBART
United States District Judge