UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, et al.,<br><br>Plaintiffs,<br>v.<br><br>PACIFIC SHIP REPAIR & FABRICATION, INC., et al.,<br><br>Defendants. | CASE NO. C23-0497JLR<br><br>ORDER |

On January 18, 2024, this court denied Plaintiffs Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Washington Painters Defined Contribution Pension Trust, and Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund's (collectively, the "Trusts") motion for default judgment without prejudice, identifying several issues that precluded the court from granting the motion.  (1/18/24 Order (Dkt. # 14).)  The court invited the Trusts "to fil[e] a

ORDER - 1

renewed motion for default judgment that addresses the problems identified in [its] order," but did not set a deadline for the filing of any such motion.  (*Id.* at 6-7.)  Over four months have passed, and the Trusts have not filed a renewed motion for default judgment.  (*See generally* Dkt. (no docket activity since a January 22, 2024 notice of change of address filed by counsel for the Trusts).)

Federal Rule of Civil Procedure 41(b) authorizes the court to dismiss actions *sua sponte* for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  A plaintiff's failure to prosecute with reasonable diligence justifies dismissal under Rule 41(b) even absent a showing of prejudice to the defendant. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also Cooper v. Abeja*, No. EDCV 23-1519 JGB (KKx), 2024 WL 312685, at *1 (C.D. Cal. Jan. 24, 2024) (threatening dismissal for failure to prosecute where plaintiff failed to move for default judgment for over one month after obtaining clerk's entry of default).

Accordingly, the court ORDERS the Trusts to SHOW CAUSE why this matter should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Trusts must respond to this order by no later than **Friday, June 14, 2024**, explaining how they have diligently prosecuted this action despite failing to file a renewed motion for default judgment for over four months.  Alternatively, the Trusts may discharge this order to show cause by filing a motion for default judgment by no later than **Friday, June 14, 2024**.

//

//

ORDER - 2

Failure to timely comply with this order will result in the court dismissing this action.

Dated this 5th day of June, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 3