UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC SHIP REPAIR & FABRICATION, INC., et al., <br><br> Defendants. | CASE NO. C23-0497JLR <br><br> ORDER |

Before the court is Plaintiffs Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Washington Painters Defined Contribution Pension Trust, and Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund's (collectively, the "Trusts") renewed motion for default judgment against Defendants Pacific Ship Repair & Fabrication, Inc. ("PSRF") and David J. Moore, President and Chief Executive Officer of PSRF (collectively, "Defendants"). (6/7/24

ORDER - 1

1  Mot. (Dkt. # 17).)  Defendants have not appeared in this action and did not respond to the
2  motion.  (*See generally* Dkt.)  The court has reviewed the motion, the Trusts' filings in
3  support of the motion, the relevant portions of the record, and the applicable law.  For the
4  reasons set forth below, the court ORDERS the Trusts to file supplemental briefing.

5        By way of background, the court denied the Trusts' original motion for default
6  judgment based on:  (1) the Trusts' failure to cite the applicable contract terms
7  establishing Mr. Moore's personal joint and several liability; (2) the Trusts' request for
8  relief that they did not seek in the complaint (specifically, liquidated damages and interest
9  stemming from PSRF's failure to timely submit a contribution report for the month of
10  September 2023); and (3) the court's inability to independently confirm the Trusts'
11  calculations of amounts owed in connection with the late-submitted September 2023
12  contribution report.  (*See generally* 1/18/24 Order (Dkt. # 14).)  The court now concludes
13  that the Trusts have resolved the issues identified in the court's January 18, 2024 order
14  because they provide citation to the record and supporting authority establishing Mr.
15  Moore's personal liability, and they no longer seek liquidated damages or interest in
16  connection with the September 2023 contribution report.  (*See* Mot. at 3-4, 15-17, 23-24;
17  *see also* Wolfe Decl. (Dkt. # 12) ¶ 13, Ex. 1 at 62, 97-98, 130[1] (contract provisions
18  establishing individual liability of corporate officers).)  The court further concludes, for
19  the reasons explained in the Trusts' briefing, that the Trusts have established their
20  //

---

[1] The court references the page numbers in the CM/ECF headers when citing to this exhibit.

entitlement to default judgment against Defendants in the form of: (1) a fringe benefit bond in the amount of $50,000; and (2) reasonable attorney's fees and costs.

The court harbors concerns, however, that the amount of the Trusts' requested attorney's fees and costs would reflect an impermissible double recovery. The Trusts previously represented that, in an effort to settle this matter, Defendants remitted payment for attorney's fees and costs incurred by the Trusts in connection with this case through June 2, 2023. (*See* 12/19/23 Urban Decl. (Dkt. # 11) ¶¶ 5-6.) Indeed, in their original motion for default judgment, the Trusts limited their fee request to attorney's fees and costs incurred on or after June 2, 2023. (*See id.* ¶ 16(c), Ex. 5 (accounting of fees and costs from June 2, 2023, through the filing of the original motion for default judgment, totaling $4,368.01); 12/19/23 Mot. (Dkt. # 10) at 18 (requesting $4,368.01 in attorney's fees and costs).) Curiously, the Trusts now seek all attorney's fees and costs incurred in connection with this matter, including amounts incurred prior to June 2, 2023. (*See* 6/7/24 Urban Decl. (Dkt. # 17) ¶ 10, Ex. 1 (accounting of all fees and costs from March 28, 2023 through the present, totaling $11,896.31); 6/7/24 Mot. at 24 (requesting $11,896.31 in attorney's fees and costs).)

Accordingly, the court ORDERS the Trusts to, by no later than **July 15, 2024**, file supplemental briefing that addresses whether their request for $11,896.31 in attorney's fees and costs reflects a double recovery and, if so, the legal basis for such an award. Alternatively, the Trusts' supplemental brief may revise their fee request as appropriate. Any revised fee request must be accompanied by: (1) supporting authority, including an

//

ORDER - 3

analysis of the *Kerr*[2] factors; (2) supporting evidence, including a revised declaration from counsel and a revised accounting of the requested fees and costs, and (3) a revised proposed order granting the Trusts' renewed motion for default judgment.

The Clerk is DIRECTED to re-note the Trusts' motion (Dkt. # 17) for July 15, 2024.

Dated this 8th day of July, 2024.

JAMES L. ROBART
United States District Judge

---

[2] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).

ORDER - 4